IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ RAFAEL BERNABÉ ACUÑA,<br><br>**Plaintiff**<br><br>v.<br><br>HDR ARCHITECTURE, INC., *et al.*,<br><br>**Defendants** | **CIVIL NO.** 12-1340 (JAG) |

**OPINION & ORDER**

Garcia-Gregory, D.J.

Before the Court stands HDR Architecture, Inc.'s ("HDR" or "Defendant") motion to dismiss José Rafael Bernabé Acuña's ("Bernabé" or "Plaintiff") complaint pursuant to Article 1787 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5091. (Docket No. 1). Bernabé claims unjust enrichment of HDR, directly caused by Defendant's acts and omissions, including but not limited to, failure to secure Plaintiff's authorization to make use of his name, title, address, reputation, and professional stature as an engineering and design consultant in the preparation of engineering plans and specifications, resulting in the loss of income and in harm to Plaintiff. For the reasons that follow, the Court **GRANTS** Defendant's motion.

**CIVIL NO.** 12-1340 (JAG)

## BACKGROUND

Bernabé, a licensed engineering consultant, maintained a professional relationship with the architectural firm Gautier & De Torres, through which he provided consulting services on a case-by-case basis to HDR. During late 2010, after receiving a telephone call from a local equipment supplier, Plaintiff became aware that his name, title and address appeared on the plans and specifications for the VA CARIBBEAN HEALTHCARE SYSTEM, SAN JUAN, SEISMIC CORRECTIONS PROJECTS, PHASE TWO OUTPATIENT ADDITION, PROJECT NUMER 672-085B (the "Project") to be executed at the Veterans Administration facilities in San Juan, Puerto Rico. Said plans were awarded by the Veterans Administration to HDR through a competitive awards procedure. On March of 2011, Bernabé discovered that the plans for the Project did in fact bear his information on every sheet, despite the fact that he had not been contracted as a consultant nor had he been compensated for the use of his information.

Plaintiff contacted the Veterans Administration to learn the extent of the use of his information and to further learn about the bidding process which resulted in awarding HDR the Project. However, despite Plaintiff's efforts, his requests were not answered. Plaintiff later discovered that HDR had made attempts to resubmit to the Veterans Administration a new set of plans and specifications which did not contain Bernabé's

**CIVIL NO.** 12-1340 (JAG)                                               3

information. On September 11, 2011, Plaintiff filed a formal Freedom of Information Act (FOIA) request, pursuant to 5 U.S.C. §552, and requested that the Veterans Administration provide him with, among other things, true copies of: (1) the plans and specifications for the Project, (2) the complete proposal submitted by HDR, and (3) any document evidencing the award of the design contract to HDR. The request was still pending when Plaintiff filed his complaint on May 15, 2012.

According to the complaint, HDR's unauthorized use of Bernabé's information caused him to experience mental anguish, for his reputation and stature in the professional community has been diminished. (Docket No. 1, P. 8). Plaintiff asserts that he suffered severe mental anguish at the possibility of being professionally responsible for work he did not perform nor was duly compensated for, thus affecting his personal affairs, self-esteem and family life. (Id.) Bernabé also claims that, pursuant to Article 1483, Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §4124, the unauthorized use of his information places him at risk of being sued and/or held liable for any mishaps found in the Project. (Id.)

**STANDARD OF LAW**

Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. To overcome a Rule 12(b)(6) motion, the complaint must

**CIVIL NO.** 12-1340 (JAG)

plead sufficient facts "to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009).

In Ocasio-Hernández v. Fortuño Burset, 640 F.3d 1 (1st Cir. 2011), the First Circuit distilled from Twombly and Iqbal a two-pronged test designed to measure the sufficiency of a complaint. First, the reviewing court must identify and disregard "statements in the complaint that merely offer legal conclusions couched as fact, or threadbare recitals of the elements of a cause of action." Ocasio-Hernández, 640 F.3d at 12 (internal punctuation omitted). In this analysis, the remaining non-conclusory factual allegations must be taken as true, even if they are "seemingly incredible," or that "actual proof of those facts is improbable." Id. Finally, the court assesses whether the facts taken as a whole "state a plausible, not merely a conceivable, case for relief." Id.

In conducting this test, a court must not attempt to forecast the likelihood of success even if recovery is remote and unlikely. See Ocasio-Hernández, 640 F.3d at 12. Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the Court to draw from the facts alleged in the complaint." Id. at 13.

**CIVIL NO.** 12-1340 (JAG)

## ANALYSIS[1]

Defendant alleges that Plaintiff's claim sounds in tort, and, as such, is time barred by the one-year statute of limitations.[2] Plaintiff, in his opposition, fails to argue why his claim is not a tort; rather, he argues that the one-year statute has not expired. Nonetheless, the Court agrees with Defendant that Plaintiff's claim sounds in tort and will, thus, scrutinize whether it is time barred. See Lexington Ins. Co. v. Abarca Warehouses Corp., 476 F.2d 44, 46 (1st Cir. 1973).

**I. Statute of Limitations**

**A. Knowledge of Extent of Injury**

The statute of limitations for tort actions begins to run from "the time the aggrieved person has knowledge of the injury." P.R. Laws Ann. tit. 31, § 5298. The knowledge of injury is established by "some outward or physical signs through which the aggrieved party may become aware and realize that he has suffered an injurious aftereffect, which when known becomes a damage *even if at the time its full scope and extent cannot be weighed*." Delgado Rodriguez v. Nazario de Ferrer, 21 P.R. Offic.

---

[1] This is a diversity case, and as such, the substantive law of Puerto Rico controls. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Borges ex rel. S.M.B.W. V. Serrano-Isern, 605 F.3d 1, 6 (1st Cir. 2010).
[2] Specifically, HDR argues that an unauthorized use of a person's name, identity or other personal circumstances for commercial purposes constitutes a violation of that person's right of privacy, and that those harmed by such conduct may bring a claim under Puerto Rico's general tort statute. See Vigoreaux Lorenzana v. Quizno's, 173 D.P.R. 254, 273 (P.R., 2008).

**CIVIL NO.** 12-1340 (JAG)

Trans. 342, 356 (P.R., 1988) (our emphasis). From the factual allegations summarized by both parties, it is undisputed that Bernabé first heard that his information appeared on the Project's plans and specifications after receiving a phone call from an equipment supplier during late 2010. Bernabé even admits that he confirmed this fact by March 2011. (Docket No. 1, P. 7).

Plaintiff alleges that the date upon which the FOIA was filed should be important for the determination of the statute of limitations. Plaintiff states that his complaint was used "as a last resort to see if any manner of response to his requests was obtained from either HDR, Gautier & de Torres or the Veterans Administration as part of the discovery process." (Docket No. 10, P. 18). Nonetheless, Plaintiff does not cite any case authority to support his argument. The Court thus finds that the FOIA filing date is irrelevant in this determination.

Plaintiff also alleges that without being able to review a true copy of, among other things, the plans and specifications, and the proposal submitted by HDR, there was no real way for him to ascertain the existence of his damages. Furthermore, Plaintiff alleges that HDR, Gautier & De Torres and the Veterans Administration deprived Bernabé of the knowledge required for the statute of limitations to begin to run. We are not persuaded. The Supreme Court of Puerto Rico has held that "the aggrieved party is not barred from bringing the action just

**CIVIL NO.** 12-1340 (JAG)

because at the time he cannot weigh the full scope, extent, and, in short, the weight of the damage in question." Delgado Rodriguez v. Nazario de Ferrer, 21 P.R. Offic. Trans. 342, 356 (P.R., 1988). Therefore, once a plaintiff has knowledge of a damage, the plaintiff cannot "wait for his injury to reach its final degree of development and postpone the running of the period of limitation according to his subjective appraisal and judgment." Ortiz v. Municipio De Orocovis, 13 P.R. Offic. Trans. 619, 622 (P.R., 1982). Finally, Plaintiff "must pursue that claim with reasonable diligence, or risk being held to have relinquished her right to pursue it later, after the limitation period has run." Rodriguez-Suris v. Montesinos, 123 F.3d 10, 16 (1st Cir. 1997). Contrary to Plaintiff's allegation, his investigation on the extent of damages did not interrupt the statute of limitations. The same began to run, at the very latest, on March 2011, once he confirmed his identity and information were in the plans. Thus, by filing his suit on May 15, 2012, his claim was time barred.

## B. Author of Injury

Plaintiff alleges that without access to the information he requested from HDR, Gautier & De Torres and the Veterans Administration, he was unable to gain true knowledge of the identity of the person or persons responsible for the use of his information on the Plans. Thus, because he had no "notice of the

**CIVIL NO.** 12-1340 (JAG)

person" that caused the injury, the statute of limitations has not started running. (Docket No. 17-1, P. 6). See Colon Prieto v. Geigel, 15 P.R. Offic. Trans. 313, 330-31 (P.R., 1984). However, this Court has previously held that the requirement of "notice of the person" does not suggest that a plaintiff must know the exact name of the tortfeasor or the precise intracorporate relationships that determine the name of the appropriate defendant. Salas v. North Janiotorial Services, Inc., 364 F.Supp.2d 76, 78 (D.P.R. 2005)(internal quotation marks omitted). Furthermore, the Court finds it hard to believe that Plaintiff, a professional consulting engineer, was not equipped to address his cause of action once he was made aware of the use of his identity and information. Upon knowledge of injury, Plaintiff should have acted more diligently in safeguarding his cause of action by asserting it against any of the possible tortfeasors which he himself recognizes may have been involved. (See Docket No. 17-1, p. 5) By failing to do so, Plaintiff's claim expired.

## C. Continuous Conduct

Plaintiff also alleges that the successive nature of the daily use of the plans bearing his information gave rise to a new cause of action and statute of limitations with each use. The Court finds this allegation meritless. As the Puerto Rico Supreme Court has expressed in the past, a continuous tort is an

**CIVIL NO.** 12-1340 (JAG)

ongoing unlawful conduct, not a continuing harmful effect. Arcelay v. Sanchez, 77 D.P.R. 824, 838 (1955). The allegation that using Plaintiff's information without authorization could potentially provoke constant ramifications is insufficient to establish a continuous tort. For there to be a continuous tort, Defendants must be continuously acting. M.R. (Vega Alta), Inc. v. Caribe General Elec. Products, Inc., 31 F.Supp.2d 226, 240 (D.Puerto Rico, 1998). The Court does not consider Defendant's ongoing use of the plans bearing Bernabé's information as continuous acting or a successive act.

In his final attempt to sway the Court, Plaintiff alleges that, pursuant to Article 1483 of the Puerto Rico Civil Code, the fact that Bernabé's information appeared on the plans resulted in a continuous tort being liable for damage claims for up to fifteen (15) years. P.R. Laws Ann. tit. 31, §4124. The Court disagrees. Article 1483 liability deals with the liability of the contractor and the architect for the losses caused by construction defects. Said section only applies to the persons who carried out the work (i.e. the contractor, technicians, and subcontractors) for those defects for which they may be responsible. Santiago Nieves v. A.C.A.A., 19 P.R. Offic. Trans. 755, 763 (1987). As Plaintiff himself contends, he did not perform any work related to the Project. We find that the fifteen-year statute of limitations is thus inapplicable.

**CIVIL NO.** 12-1340 (JAG)                                                                 10

## CONCLUSION

In light of the above, the Court **GRANTS** Defendant's motion to dismiss, (Docket No. 7). Plaintiff's claim is time barred. Accordingly, judgment shall be entered dismissing this case.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of June, 2013.

                                          S/ Jay A. Garcia-Gregory
                                          United States District Judge